**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MICHAEL WAYNE MOORE,
            *Plaintiff-Appellant,*

v.

JAMES B. BENNETTE; GEORGE E.
CURRIE; JOSEPH LIGHTSEY; RICHARD
T. JONES; TONIA RODGERS,
            *Defendants-Appellees.*

No. 03-7699

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-03-762)

Submitted: March 29, 2004

Decided: April 30, 2004

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Michael Wayne Moore, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Wayne Moore, a North Carolina inmate, appeals the district court's order dismissing as frivolous his 42 U.S.C. § 1983 (2000) complaint pursuant to 28 U.S.C. § 1915(e)(2) (2000). Moore alleged a number of constitutional violations based on: (1) deliberate indifference to his various medical conditions; (2) due process violations in the classification of his confinement; (3) retaliation for contacting the mother of a fellow inmate whose son was allegedly severely beaten by prison guards; and (4) cruel and unusual punishment in the various conditions of his high security confinement. We affirm in part, vacate in part, and remand for further proceedings.*

A claim having no arguable basis in fact or law may be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). We review de novo a dismissal under § 1915(e)(2). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). We must accept allegations in Moore's complaint as true and draw all reasonable factual inferences in his favor. *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

A prison official unnecessarily and wantonly inflicts pain proscribed by the Eighth Amendment by acting with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to support such a claim, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. We conclude that Moore sufficiently stated such a claim of deliberate indifference to his medical needs with regard to his Hepatitis C condition, his pancreatic condition, and the gout in his hand. We therefore vacate the district court's order to the extent that it dismissed these claims as frivolous and remand for further proceedings as to those claims. We find the remainder of Moore's deliberate indifference to medical needs claims meritless and affirm the dismissal of those claims.

---

*No part of this opinion should be read as an indication regarding our review of the merits of any of Moore's claims. As to the claims that are remanded, we conclude only that they were prematurely dismissed.

We also vacate the district court's order dismissing Moore's retaliation claim as frivolous. For an inmate to state a colorable claim of retaliation under § 1983, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). We conclude Moore's allegation of retaliation has an arguable basis in fact and law. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Davis v. Goord*, 320 F.3d 346, 352-54 (2d Cir. 2003). We therefore vacate the district court's dismissal of this claim as frivolous and remand for further proceedings.

In order to establish an Eighth Amendment violation relating to conditions of confinement, a prisoner must establish both (1) "a serious deprivation of a basic human need" and (2) "deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The inmate must also "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Id.* at 1381. We have reviewed Moore's Eighth Amendment claims regarding the conditions of his confinement and find they are without merit. We affirm the district court's dismissal of those claims. We further find Moore's various due process claims regarding his prison classification to be without merit and affirm the dismissal of those claims as well.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*